IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:CR-06-18 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| JEROME DAVID KING, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

March 22, 2006

**BACKGROUND:**

On January 12, 2006, Jerome David King, along with codefendants Pressley, Scott, and Simpkins, was indicted by a grand jury sitting in the Middle District of Pennsylvania. The grand jury charged that King and his codefendants conspired to possess with intent to distribute more than five grams of cocaine base known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). The grand jury also charged that during the course of the conspiracy and in furtherance thereof, the four defendants illegally possessed, used and/or carried firearms.

On February 14, 2006, King made an initial appearance before United States Magistrate Judge William H. Askey, who ordered King detained. On March 1, 2006, King filed a Motion For Revocation Or Amendment Of Detention Order. (Rec. Doc. No. 33-1.) On March 21, 2006, at the scheduled hearing on this matter,

the court received testimony from King's mother, a proffer from the government, and argument from defense and government counsel. We issued a ruling from the bench denying King's motion, and explain our decision below.

**ANALYSIS:**

King's counsel agrees that the rebuttable presumption of detention prescribed by 18 U.S.C. § 3142(e)(3)[1] applies to his case, as King is charged with a violation of the Controlled Substances Act carrying a maximum 40 year term of imprisonment, and a mandatory minimum sentence of five years' imprisonment. 21 U.S.C. § 841(b)(1)(B). Consequently, for King to prevail, he would have to overcome the presumption of detention by demonstrating that some condition or combination of conditions would reasonably assure both the safety of the community, and the appearance of King as required. King failed to overcome the presumption.

---

[1] "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." 18 U.S.C. § 3142(e)(3). The grand jury indictment "is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under [18 U.S.C.] § 3142(e)." United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986).

The court is to consider a variety of factors in making this determination. 18 U.S.C. § 3142(g). Among these are (1) the nature and circumstances of the offense charged, including whether the offense involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See id.

No condition or combination of conditions would reasonably assure the safety of the community in this case. The nature of the offense charged– conspiracy to possess with intent to distribute crack cocaine–and the alleged possession, use and/or carrying of firearms during and in furtherance of the conspiracy combine to create a significant risk of danger to the community. The government indicated that inside a closet, firearms and drugs were found immediately adjacent to this defendant's personal property. King did not overcome the presumption that no combination of conditions could reasonably assure the

safety of the community.[2]

We also find that the defendant poses a flight risk. The government indicated that King attempted to flee out the back door of a residence as police entered the front door. Additionally, King has only minimal ties to the Williamsport community (his half sister, Latoya Spriddle, lives here).

We also find it significant to our determination that King has not been steadily employed since his graduation from high school in 2004. We recognize that King's mother, Laverne Thornton, is willing to accept him into the Philadelphia home she shares with her husband and King's sister. However, inconsistencies in Ms. Thornton's testimony in court and what she told the probation officer during preparation of the Pretrial Services Report give the court pause in assessing the degree of supervision Ms. Thornton could exercise over the defendant. We do not question Ms. Thornton's ability to transport her son from Philadelphia to Williamsport, but we find that the significant penalties faced by King provide incentive to flee.

We appreciate the substantial efforts made by King's family to travel to

---

[2] We note that this is not King's first arrest for use of a controlled substance. In 2003, King was sentenced to six months' probation for personal use of marijuana.

Williamsport and appear on his behalf.  However, under 18 U.S.C. § 3142(e), we begin with the presumption that a defendant charged with a violation of the Controlled Substances Act carrying a maximum term of imprisonment of ten years or mores poses both a danger to the community and a flight risk.  We find that King did not rebut this presumption.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Defendant Jerome David King's Motion For Revocation Or Amendment Of Detention Order (Rec. Doc. No. 33-1) is denied.

 s/ James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge